Case 3:23-cv-00132   Document 113   Filed on 10/08/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
October 08, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| JUDY NICOLE JACOBS, *et al.*, § § Plaintiffs. § § V. § § ABBOTT LABORATORIES, INC., *et al.*, § § § Defendants. § | CIVIL ACTION NO. 3:23-cv-00132 |

## OPINION AND ORDER

In this product liability action, Plaintiffs allege that, in September 2020, they purchased infant formula manufactured by Abbott Laboratories, Inc. d/b/a Abbott Nutrition ("Abbott") that was contaminated with a bacterium known as *Cronobacter sakazakii*. Plaintiffs claim that their infant son consumed the contaminated infant formula, resulting in severe and debilitating injuries. This opinion addresses a pending discovery dispute, as well as Plaintiffs' motion to extend the discovery deadline. *See* Dkt. 109-2 at 275–294.

## THE DISCOVERY DISPUTE

I will start with the discovery dispute. In accordance with our local procedures in Galveston, the parties submitted a joint discovery letter. *See* Dkt. 74. I then held a hearing, at which I resolved most of the discovery issues. *See* Dkt. 77. I did, however, order the parties to provide additional briefing to address Plaintiffs' efforts to compel further responses to Plaintiffs' Second Set of Requests for Production ("RFP") Nos. 47 and 50. The parties have submitted the requested briefing—and then some. *See* Dkt. 109-2. The requests for production at issue are as follows:

> **REQUEST FOR PRODUCTION NO. 47**:
> Please produce copies of all environmental monitoring results from all microbial tests (i.e., Cronobacter, Salmonella, EB, TPC, etc.) conducted in your production facility located in Casa Grande, Arizona,

> during the period of September 21, 2010, to September 21, 2023. This request includes a request to produce copies of all corrective actions and investigations conducted at said facility when unacceptable monitoring results were obtained from microbial tests during the given time period above.
>
> . . . .
>
> **REQUEST FOR PRODUCTION NO. 50**:
> Please produce copies of all documents showing all whole-genome sequencing ("WGS") data and metadata for any Cronobacter isolate you have ever obtained from any microbial samples, inspections, and/or tests taken from or conducted at your production facility located in Casa Grande, Arizona.

*Id.* at 182–83.

I previously ordered that the requested information be produced for the time frame from June 1, 2018, to August 31, 2022. In doing so, I held that a roughly four-year discovery period for environmental testing and WGS information was "reasonable" and that anything above and beyond that time period would raise "real relevance and, more importantly, proportionality issues." Dkt. 69 at 30. Plaintiffs now ask me to reconsider that ruling.

I have reviewed the parties' submissions. In short, I am persuaded by Abbott's arguments. Plaintiffs' request for three additional years of environmental testing data is irrelevant and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Plaintiffs' request for WGS data from September 2022 to the present is also irrelevant and not proportional to the needs of the case. *See id.* I will not alter my previous ruling on the relevant time period for the production of documents.

### MOTION TO EXTEND DISCOVERY DEADLINE

I now turn to Plaintiffs' motion to extend the discovery deadline. *See* Dkt. 109-2 at 275–294. This case has been pending in federal court since April 2023. In August 2023, I issued a Docket Control Order, which set a January 17, 2025, discovery deadline. *See* Dkt. 30 at 2. At the parties' request, the discovery deadline was moved to June 13, 2025, and then to September 15, 2025. *See* Dkt. 44 at 1; Dkt.

2

51 at 1. On August 29, 2025, Plaintiffs filed the instant motion, asking that the court extend the discovery deadline by two months to November 17, 2025.[1]

The parties agree on the relevant legal standard. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This inquiry "requires a party 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)). The Fifth Circuit applies a four-part balancing test to determine whether good cause exists: (1) the explanation for the failure to adhere to the deadline; (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice in allowing the proposed modification; and (4) the availability of a continuance to cure such prejudice. *See Newsome v. Int'l Paper Co.*, 123 F.4th 754, 766 (5th Cir. 2024).

"The first factor under Rule 16(b)'s good-cause standard is the justification for the delay, which courts within this circuit have described as the most important factor." *Drummond v. Cajun Valve Servs., LLC*, No. 2:20-cv-37, 2022 WL 1479954, at *3 (S.D. Miss. May 10, 2022) (quotation omitted) (collecting cases). The Fifth Circuit has gone so far as to indicate that first factor alone may be "dispositive, outweighing the other three factors for assessing good cause." *E.E.O.C. v. Serv. Temps, Inc.*, 679 F.3d 323, 334 (5th Cir. 2012).

Plaintiffs argue that an extension of the discovery deadline is appropriate because "Abbott has engaged in a pattern of intentionally obstructing the discovery process in this matter, simply to run out the discovery clock." Dkt. 109-2 at 278. Plaintiffs further assert that an extension of the discovery deadline is warranted because "the Freedom of Information Act ('FOIA') office of the CDC has not met

---

[1] In their reply brief, Plaintiffs argue that their initial request for a two-month extension is insufficient, and they request to extend the discovery deadline to December 19, 2025. *See* Dkt. 100 at 14.

its statutory duty to provide relevant information, documentation, and data to Plaintiffs that is critical to their causation argument in this matter." *Id.* I will address these arguments separately.

As for Plaintiffs' contention that Abbott has obstructed the discovery process, Plaintiffs advance three primary arguments.

First, Plaintiffs claim that Abbott has produced documents in a "piecemeal fashion." *Id.* at 281. Although Abbott has produced documents on a rolling basis, there is nothing inherently improper about its approach. Indeed, rolling productions are a common practice in product liability actions. Here, Abbott produced roughly 97 percent of its responsive documents by March 2025, with just a few documents being produced after that date. From the record before me, it appears that Plaintiffs bear much of the blame for any delay in the production of documents, having not responded to Abbott's proposal regarding search terms and custodians for more than seven months. Abbott's rolling productions do not provide a valid reason for extending the discovery deadline.[2]

Second, Plaintiffs insist that a discovery extension is appropriate because Abbott has produced documents "in unsearchable file formats." *Id.* at 282. This argument is unconvincing. To start, I am troubled that Plaintiffs waited until two weeks before the discovery deadline to raise this issue for the first time. But, more fundamentally, as Plaintiffs readily acknowledge, Abbott's "production of documents in *TIFF* format complies with the [March 22, 2024] Stipulated Order Regarding the Protocol for Producing Documents and Electronically Stored

---

[2] In their reply brief, Plaintiffs urge the court to extend the discovery deadline because Abbott did not produce a single document—an FDA Establishment Inspection Report from a May 2022 inspection of Abbott's Casa Grande, Arizona facility (the "2022 EIR")—until September 4, 2025. But there was good reason that Abbott did not produce the document earlier. The 2022 EIR fell outside the period the parties agreed to for document productions in this case. Plaintiffs waited until August 2025—nearly two and a half years after the commencement of this case—to ask the court to compel production of the 2022 EIR. Abbott eventually agreed to produce the document, doing so within two weeks of the August 21, 2025 hearing that I held to discuss a number of discovery issues.

Information." *Id.* (citing Dkt. 42). Abbott's compliance with the stipulated order cannot be a basis for extending the discovery period.

Third, Plaintiffs maintain that "Abbott has frustrated Plaintiffs' attempt to obtain deposition testimony" of Douglas Taylor, the Site Director of Abbott's Casa Grande facility where the infant formula at issue in this case was produced. *Id.* at 284. Plaintiffs first requested Taylor's deposition on July 2, 2025. Abbott claims that it "worked diligently to obtain a deposition date for Taylor, learned that he was no longer employed by Abbott, and . . . provided his last known address [to Plaintiffs] on September 2, 2025." Dkt. 94 at 21. Plaintiffs insist that Abbott improperly delayed providing Taylor's last known address until 13 days before the close of discovery, making it impossible to schedule his deposition within the court-ordered discovery period. Even if I ascribe no ill motive to Abbott's two-month delay in providing Plaintiffs the contact information for Taylor, fairness dictates that Plaintiffs be given the opportunity to schedule Taylor's deposition for a date and time that is convenient for all involved. As such, I will allow Taylor's deposition to occur past the discovery deadline. Permitting Plaintiffs to move forward with Taylor's deposition does not, however, mean that Plaintiffs should be allowed to pursue unlimited discovery for several months beyond the discovery deadline.

Having addressed Plaintiffs' claim that Abbott has stymied reasonable discovery efforts, I now turn to Plaintiffs' contention that the discovery deadline should be extended in the hope that the CDC will produce documents in response to previously served FOIA requests. Plaintiffs have submitted FOIA requests to the CDC seeking material related "to scientific testing that has been performed on two (2) *Cronobacter Sakazakii* bacterial isolates, or samples, . . . which were taken from [Plaintiffs' child's] cerebral spinal fluid and also from inside the subject can of [Abbott's] baby formula itself." Dkt. 109-2 at 286–87. In Plaintiffs' view, these "samples are the keys to understanding and establishing the link between [Abbott's] baby formula ingested by the infant . . . and injuries suffered by the

5

infant." *Id.* Plaintiffs note that in April 2025, the CDC informed Plaintiffs that, due to staffing cuts, it is unable to respond to inquiries about pending FOIA requests. Referring to this situation as "unprecedented," Plaintiffs ask me to extend the discovery deadline. *Id.* at 287.

This is the second time Plaintiffs have raised this argument. In May 2025, I held that discovery cannot be extended indefinitely while Plaintiffs await documents from the CDC. Instead, I ruled that Plaintiffs would be permitted to supplement their expert reports if the CDC produced additional documents. Nothing has changed since I made that ruling almost five months ago. Importantly, there is no guarantee that any documents exist that are responsive to Plaintiffs' FOIA requests. Moreover, it is not lost on me that Plaintiffs are partially responsible for any delay in obtaining documentation from the CDC, as they did not diligently pursue the information that they now contend is essential to their case. *See* Dkt. 94 at 19. Although this lawsuit has been pending since March 2023, Plaintiffs did not make the FOIA requests at issue until January 2025 and March 2025, respectively. I will not delay this litigation indefinitely based on a hope that the CDC will, at some future date, produce documents that relate to this matter. Accordingly, Plaintiffs' outstanding FOIA requests do not provide a sufficient basis for extending the discovery deadline.

In sum, Plaintiffs have not provided "good cause" for moving the discovery deadline. Unless extended by agreement of the parties, the September 15, 2025 discovery deadline remains in effect with one exception: Taylor's deposition may proceed past the discovery deadline. I expect the parties to work together to promptly schedule that deposition.

SIGNED on this 8th day of October 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE