United States District Court
Southern District of Texas

**ENTERED**

April 22, 2026

Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| JUDY NICOLE JACOBS, *et al.*, | § | |
| | § | |
| Plaintiffs. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:23-cv-00132 |
| | § | |
| ABBOTT LABORATORIES, INC., *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

This product liability case was referred to me for all pretrial purposes on February 10, 2026. *See* Dkt. 154. Plaintiffs allege that, in September 2020, their infant child consumed formula contaminated with a bacterium known as *Cronobacter sakazakii*, resulting in severe and debilitating injuries. The formula that Plaintiff's child consumed was manufactured by Defendant Abbott Laboratories, Inc. d/b/a Abbott Nutrition.

Abbott's pending motion for summary judgment is ripe. *See* Dkt. 127. Before I can address Abbott's motion, however, I must address four motions that Plaintiffs filed after Abbott's summary judgment motion was fully briefed: (1) a motion for sanctions (Dkt. 151); (2) a motion for leave to file a second supplement in response to Abbott's motion for summary judgment (Dkt. 152); (3) a motion to stay ruling on Abbott's motion for summary judgment and to reopen discovery (Dkt. 155); and (4) a motion for leave to file a revised declaration in support of Plaintiffs' motion to stay (Dkt. 162).

Plaintiffs seek sanctions because they believe that Abbott violated earlier discovery orders in this case "by failing to produce its written responses to FDA Establishment Inspection Reports ('EIRs') for the years 2018, 2019, and 2022 and also failing to produce EIR Exhibits and Attachments for the years 2018, 2019, 2021, and 2022." Dkt. 151 at 5. Although styled as a motion for sanctions, Plaintiffs

ask the court to compel Abbott "to immediately produce" this written discovery. *Id.* at 32. The Galveston Division Rules of Practice require the parties to "file a ***joint*** letter not to exceed two pages outlining the dispute" *before* filing a motion to compel. Gal. Div. R. Prac. 7. "Parties ***may not*** file a motion to compel without first exhausting this procedure." *Id.* (emphasis added). Because Plaintiffs failed to follow this court's rules, their motion for sanctions (Dkt. 151) is **DENIED**.

I will, however, **ORDER** Abbott to produce its written response to the FDA's 2022 EIR.[1] Abbott must produce this to Plaintiffs by <u>Tuesday, May 5, 2026</u>. Because I am ordering limited, post-discovery production, I will **GRANT** Plaintiffs' request to stay summary judgment consideration (Dkt. 155) and give Plaintiffs until <u>Tuesday, May 19, 2026</u>, to file a supplemental summary judgment response of ***no more than five pages***. Abbott will have until <u>Tuesday, June 2, 2026</u>, to file a reply of ***no more than five pages***. Failure to strictly adhere to these page limits will result in the non-complying filing being stricken from the record. Given these supplemental briefing deadlines, the docket call set for May 8, 2026, is **CANCELLED**.

Although I am delaying ruling on Abbott's motion for summary judgment and ordering limited, post-discovery production, I **DENY** Plaintiffs' request to reopen discovery (Dkt. 155). The sole basis for Plaintiffs' request to reopen discovery is the recent unsealing of a federal False Claims Act ("FCA") lawsuit against Abbott in the U.S. District Court for the Western District of Michigan. *See United States ex. rel. Millard v. Abbott Lab'ys*, Case No. 1:22-cv-00994 (W.D. Mich.). Plaintiffs ask me to:

> Reopen discovery for at least a period of six (6) months from the date of the Court's Order and allow Plaintiffs a reasonable period to review, obtain, and submit unsealed materials from the federal *qui tam* and

---

[1] According to the declaration of Stefanie Crum, Abbott's Director of Quality Assurance at the manufacturing facility where the formula at issue was made, Abbott does not have the exhibits or attachments referenced in the body of the FDA's EIRs. *See* Dkt. 158-6 at 3. Abbott also did not provide written responses to the FDA's 2018 and 2019 EIRs. *See id.* I cannot order the production of documents that do not exist.

whistleblower litigation (FCA lawsuit referenced above), obtain responsive documentation that is also responsive to Plaintiffs' RFPs Nos. 1-103, including responsive documentation (such as batch production records, batch rework records, batch bracketing documentation, microbial testing data (including environmental monitoring and finished product testing data), whole genome sequencing data and metadata, root cause analysis, etc.) from at least January 1, 2017 through the present date relating to Abbott's Casa Grande facility, and to obtain necessary deposition testimony from Abbott's authorized representatives and from other witnesses (including but not limited to witnesses previously deposed, witnesses disclosed by Abbott that were not deposed, and witnesses not previously disclosed, such as the Relators in the FCA lawsuit)

Dkt. 155 at 19.

There are four primary considerations when evaluating whether to modify a scheduling order to reopen discovery: "(1) the explanation for the failure to timely move for leave to amend [the scheduling order]; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (cleaned up).

First, regarding timeliness, *Millard* was unsealed in November 2025. At least one legal news organization publicized the unsealing of the lawsuit as early as December 2, 2025. *See* Emily Field, *States Hit Abbott With FCA Suit Over Infant Formula Recall*, Law360 (Dec. 2, 2025, 10:29 PM EST), https://www.law360.com/articles/2417215/states-hit-abbott-with-fca-suit-over-infant-formula-recall-. Yet, Plaintiffs did not move to reopen discovery until more than two months later. Plaintiffs offer no explanation for why they could not have learned of *Millard* and moved to reopen discovery sooner. Accordingly, this factor is, at best, neutral.

Second, I struggle to see the importance of Plaintiffs' request. None of the relators in *Millard* worked at the facility that manufactured the formula that Plaintiffs' child consumed before or during the time when said formula was manufactured. Plaintiffs spend many pages recounting the allegations in *Millard*,

but do not offer a simple and straightforward explanation of how the discovery they seek will be useful in resolving the already-briefed summary judgment motion. Importantly, Plaintiffs do not identify any evidence cited in *Millard* that Abbott should have but did not produce in this litigation.

In moving to reopen discovery, Plaintiffs have clearly opted for quantity over quality, hoping that the salaciousness of the allegations in *Millard* will be enough to satisfy their burden to show good cause for reopening discovery. I am unmoved. In their reply brief, Plaintiffs claim that they seek "targeted discovery." Dkt. 161 at 14. But what they have asked for is an additional six months of discovery to pursue anything referenced in *Millard* that might be relevant. If the standard for reopening discovery were the mere possibility of something relevant, then discovery would never end, and cases would drag on forever. Thus, the second factor weighs against reopening discovery.

As for the third and fourth factors, Plaintiffs fail to acknowledge, much less discuss, the prejudice to Abbott if discovery were reopened for six more months. This case is three years old. Discovery has been closed for nearly seven months. Abbott's summary judgment motion is fully briefed. Plaintiffs have not identified a need for any specific information likely to result from reopening discovery that would justify such an extraordinary delay for a case that is trial-ready now (depending on the outcome of the pending motion for summary judgment). Accordingly, the third and fourth factors weigh against reopening discovery.

## CONCLUSION

In conclusion, I: (1) **DENY** Plaintiffs' motion for sanctions (Dkt. 151); (2) **GRANT** Plaintiffs' motion for leave to file a second supplemental summary judgment response (Dkt. 152); (3) **GRANT** Plaintiff's request to stay consideration of Abbott's summary judgment motion but **DENY** Plaintiffs' request to reopen discovery (Dkt. 155); and (4) **DENY** Plaintiffs' motion for leave to file a revised declaration (Dkt. 162) as moot.

Abbott is **ORDERED** to produce its written response to the FDA's 2022 EIR to Plaintiffs by <u>Tuesday, May 5, 2026</u>. Plaintiffs will have until <u>Tuesday, May 19, 2026</u>, to file a supplemental summary judgment response of ***no more than five pages***. Abbott will then have until <u>Tuesday, June 2, 2026</u>, to file a reply of ***no more than five pages***. The May 8, 2026 docket call is **CANCELLED**.

SIGNED on this _22nd_ day of April 2026.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

5